FROM: IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA

v.

Case No. 1:26-MJ-177

DAVID J. RUSH,

Defendant.

## SECOND CONSENT MOTION TO EXTEND TIME FOR INDICTMENT

The United States of America, by undersigned counsel, with the express consent of the defendant, and the defendant's counsel, respectfully move the Court to extend the time to indict this case through and including September 17, 2026. In support thereof, the parties state as follows:

1.    The defendant was arrested on or about May 20, 2026, on a criminal complaint charging him with theft of government property in violation of 18 U.S.C. § 641. ECF No. 1 (complaint). On or about May 20, 2026, the defendant made his initial appearance in the Eastern District of Virginia. ECF No. 5. The defendant has retained Jessica Carmichael as counsel. ECF No. 8 (notice of attorney appearance). On or about May 22, 2026, the defendant waived his preliminary hearing. ECF Nos. 10-11.

2.    On June 5, 2026, after a continuance, the Court found that the defendant posed a serious risk of flight and ordered the defendant detained pending trial. *See* ECF Nos. 19, 21.

3.    The Speedy Trial Act requires that the defendant be indicted within thirty days of the defendant's arrest after subtracting all excludable time. On June 5, 2026, the parties filed a consent motion to extend time for indictment by 45 days, up to and including August 3, 2026, which this Court granted. ECF Nos. 20, 22.

1

4.      The parties now jointly request a second extension of 45 days to indict, thereby extending the deadline to and through September 17, 2026.   While the parties have been working diligently, additional time would benefit all parties in the case.   This case already contains a substantial amount of evidence, including financial records and well over 20 electronic devices. Moreover, the government has identified classified information that is relevant to the ongoing investigation.   Given the classification of certain records, the government is continuing to work with relevant equity holders regarding its ability to use and disclose such information pre-indictment.

5.      On July 2, 2026, the government provided a subset of information to defense counsel related to the charges under investigation.   The government intends to provide additional information to defense counsel and the defendant, but due to the classification of records and schedules of both defense counsel and the government, is unable to do so until late July (i.e., the week of July 27, 2026).   Extending the time to indict would be in the best interests of justice in that it would give defense counsel further opportunity to meet with the government and discuss with the defendant the evidence in this case, obtain and review discovery, and discuss a possible pre-indictment resolution.

6.      Furthermore, due to the nature of the charges under investigation, the government is required to seek approval from other DOJ entities for any case resolution.   This second extension request also contemplates the estimated time needed for those approvals and may allow for a more efficient resolution of the case.

7.      The parties submit that the requested extension to September 17, 2026, would serve the ends of justice, and that the failure to grant this continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Indeed, extending this time period for approximately 45 days would give the government an opportunity to provide additional information to the defendant, including classified information, as well as give defense counsel an opportunity to meet with the defendant, obtain and review discovery, and discuss possible pre-indictment resolution of the case. The parties also submit that "the facts upon which the grand jury must base its determination are both unusual and complex," particularly in this case, where the arrest has preceded an indictment. 18 U.S.C. § 3161(h)(7)(B)(iii). Therefore, "the ends of justice served by the granting of such continuance [will] outweigh the best interests of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A), and the parties request an order to that end.

8. The defendant hereby agrees to waive any objections under the Speedy Trial Act and to extend the government's time to file an indictment in this case through and including September 17, 2026. The waiver is made knowingly, intentionally, and voluntarily by the defendant, and with full knowledge of the provisions of the Speedy Trial Act, Title 18, United States Code, Sections 3161, *et seq.*, and with the advice and consent of counsel.

9. The defendant expressly understands that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by this waiver.

WHEREFORE, the parties request that the time to indict this case be extended to and including September 17, 2026, and that the delay resulting from this extension be excluded in

computing the time within which an indictment must be filed pursuant to Title 18, United States Code, Section 3161(h).   A proposed order is attached to this Motion.

Respectfully submitted,

Todd W. Blanche
Acting Attorney General

Date:   July 20, 2026                    By:    /s/ Raizza K. Ty
                                               Raizza K. Ty
                                               Assistant United States Attorney

Defendant's Signature:   I hereby agree that I have consulted with my attorney and fully understand all my rights with respect to a speedy trial, including my right to be charged by indictment within 30 days of arrest, as required by Title 18, United States Code, Section 3161(b). I have read this motion for an extension of time to be charged by indictment, and carefully reviewed every part of it with my attorney.   I understand this motion and voluntarily agree to it.

Date: 20 July 2026

David J. Rush
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case.   I have fully explained to the defendant the defendant's right to be charged by indictment within 30 days of arrest.   Specifically, I have reviewed the terms and conditions of Title 18, United States Code, Section 3161(b), and I have fully explained to the defendant the provisions that may apply in this case.   To my knowledge, the defendant's decision to agree to an extension of time to be charged by indictment is an informed and voluntary one.

Date: 7/20/2026

Jessica Carmichael
Counsel for the Defendant

5