FROM: IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID J. RUSH,<br><br>Defendant. | Case No. 1:26-MJ-177 |

**JOINT MOTION TO EXTEND TIME FOR INDICTMENT**

The United States of America, by undersigned counsel, jointly with the defendant, and the defendant's counsel, respectfully move the Court to extend the time to indict this case by an additional 21 days, through and including October 8, 2026. In support thereof, the parties state as follows:

1. The defendant was arrested on or about May 20, 2026, on a criminal complaint charging him with theft of government property in violation of 18 U.S.C. § 641. ECF No. 1 (complaint). On or about May 20, 2026, the defendant made his initial appearance in the Eastern District of Virginia. ECF No. 5. The defendant has retained Jessica Carmichael as counsel. ECF No. 8 (notice of attorney appearance). On or about May 22, 2026, the defendant waived his preliminary hearing. ECF Nos. 10-11.

2. On June 5, 2026, after a continuance, the Court found that the defendant posed a serious risk of flight and ordered the defendant detained pending trial. *See* ECF Nos. 19, 21.

3. The Speedy Trial Act requires that the defendant be indicted within thirty days of the defendant's arrest after subtracting all excludable time. On June 5, 2026, the government filed a consent motion to extend time for indictment by 45 days, which this Court granted. ECF Nos. 20, 22.

4. On July 20, 2026, with the defendant's consent, the government filed a second motion to extend time for indictment by 45 days, up to and including September 17, 2026. ECF No. 23. In support of that motion, the government noted that the case already contained a substantial amount of evidence and involved classified information. *Id.* at 2. The motion also contemplated time needed to work with the relevant equity holders to proceed with using and disclosing classified information to the defendant prior to indictment, to give defense counsel an opportunity to meet with the defendant and obtain and review discovery, as well as for officials at a separate DOJ component to approve any case resolution. *Id.* The Court granted that motion. ECF No. 24.

5. The parties have worked diligently towards negotiating a resolution. The government sought to provide the defendant and his counsel classified discovery as soon as it could. Since the last extension request, in late July 2026, the government provided the defendant information about its investigation and likely criminal charges through a reverse proffer presentation. On August 10, 2026, the parties also agreed to and filed two protective orders for both unclassified and classified discovery and requested for a Classified Information Security Officer to be designated to the case. ECF Nos. 29-30. On August 11 and 13, 2026, the government provided a subset of classified discovery for defense counsel to review. Additionally, the government produced classified discovery to the defendant on three occasions, on August 20, 2026, August 31, 2026, and September 9, 2026.

6. The parties understand that the Court's Order dated July 20, 2026 (ECF No. 24) indicated there would be no further extensions granted with respect to this defendant; however, the parties have made significant progress and have a plea agreement in principle that would resolve the matter prior to an indictment.

7. The parties now jointly request a third and final extension of 21 days to indict, thereby extending the deadline from September 17 through and including October 8, 2026. The parties need additional time to prepare the paperwork, including an agreed upon statement of facts. Furthermore, based on the nature of the matter in this case and the government agencies involved, the government is required to obtain approvals from other components and agencies, which takes more time than in other cases. Information within the proposed statement of facts may also need review by the relevant equity holders. Therefore, extending the time to indict for an additional 21 days is necessary to promote the interests of justice.

8. On the defense side, counsel's review of discovery and communications about the discovery or the facts of the case requires counsel to travel to a Sensitive Compartmented Information Facility (SCIF). Moreover, to meet with their client about the discovery or the facts of the case, defense counsel must first coordinate with the U.S. Marshals Service to arrange, in advance, transportation of their client to the SCIF, which further slows the process. Counsel has worked expeditiously to review materials in the SCIF on short notice and to discuss those materials with her client, but this process has nonetheless incurred delays outside of her – or anyone's – control.

9. Based on the evidence obtained in the case thus far, the parties assess that proceeding to indictment and trial would require significant litigation on any classified material. A pre-indictment resolution promotes the public interest by conserving government and judicial resources.

10. The parties submit that the requested extension to October 8, 2026, would serve the ends of justice, and that the failure to grant this continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking

into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The parties also submit that "the facts upon which the grand jury must base its determination are both unusual and complex," particularly in this case, where the arrest has preceded an indictment. 18 U.S.C. § 3161(h)(7)(B)(iii). Therefore, "the ends of justice served by the granting of such continuance [will] outweigh the best interests of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A), and the parties request an order to that end.

11. The defendant hereby agrees to waive any objections under the Speedy Trial Act and to extend the government's time to file an indictment in this case through and including October 8, 2026. The waiver is made knowingly, intentionally, and voluntarily by the defendant, and with full knowledge of the provisions of the Speedy Trial Act, Title 18, United States Code, Sections 3161, *et seq.*, and with the advice and consent of counsel.

12. The defendant expressly understands that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by this waiver.

WHEREFORE, the parties request that the time to indict this case be extended to and including October 8, 2026, and that the delay resulting from this extension be excluded in computing the time within which an indictment must be filed pursuant to Title 18, United States Code, Section 3161(h). A proposed order is attached to this Motion.

Respectfully submitted,

Todd W. Blanche
Attorney General

Date: September 10, 2026

Theophani K. Stamos
First Assistant United States Attorney

By: /s/

Raizza K. Ty
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3980
E-mail: Raizza.Ty@usdoj.gov

David J. Rush
Defendant

By counsel:

By: [signature]

Jessica Carmichael, Esq.
Counsel for the Defendant